McGARY
*v.*
DUNN.

---

## BORNET *v.* DAVIS et al.

Where the rights of the purchaser of a slave against her warrantor are sold under execution and purchased by the warrantor, and the original purchaser of the slave afterwards acquires the right to receive, and actually receives, the amount for which the right in warranty was sold, it will amount to a voluntary execution and ratification of the sheriff's sale.

APPEAL from the Parish Court of New Orleans, *Maurian,* J. *Delavigne,* for the plaintiff. There was no ratification of the sheriff's sale. 8 Toullier, nos. 506, 507. Story's Equity Jurispr. 307. *Rivas* v. *Bernard,* 13 La. 172.

*Simon* and *Morphy,* on the same side.

*Benjamin* and *Micou,* for the appellants.

The judgment of the court was pronounced by

EUSTIS, C. J. *J. B. Lafleur,* a negro man, recovered in the Circuit Court of the United States for this district, a judgment against the plaintiff for his freedom, and for $860 as damages for the value of his services. The plaintiff had purchased *Lafleur* from *Davis,* the defendant, and, on an execution issued against her, the marshal sold her rights of warranty against *Davis,* as her vendor. *Davis* purchased these rights for $680, which he paid. The action, as we understand it, has for its object to set aside this sale, and reintegrate the plaintiff in her original rights of warranty, against *Davis.* It is based on allegations of the non-observance of certain formalities, required by law in the sale under execution ; these are that, the object sold was not appraised, and that the advertisements were not made during the full time required by law.

It appears that *Lafleur's* attorney received the money made under the execution, which exceeded the amount paid by *Davis* for his purchase, and that the plaintiff purchased the rights of *Lafleur* to this fund, for which judgment was rendered in favor of the plaintiff in this court, in May last. *Vide* case of *Clothilde Bornet* v. *J. O. David,** It is conceded that the money has been received on this judgment. It is difficult to imagine any possible consequence which can be given to the judgment and receipt of the money, except the ratification and voluntary execution of the sale of her rights of warranty to *Davis* under the execution. The plaintiff has received the proceeds of *Davis'* purchase, and good faith requires that she should not be permitted to avail herself of matters of form, arising in proceedings in relation to which she now stands before us as both plaintiff and defendant.

The judgment of the court below is, therefore, reversed; and judgment is rendered for the defendants, with costs in both courts.

---

* This case, presenting only a question of fact, is not reported.